4

**CUI ZHEN WU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Department of Homeland Security, Respondents.**

No. 06–0636–ag.

United States Court of Appeals, Second Circuit.

March 10, 2008.

Stuart Altman, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York; Scott Dunn, Assistant United States Attorney; Dione M. Enea, Special Assistant United States Attorney, of Counsel, Brooklyn, NY, for Respondents.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Petitioner Cui Zhen Wu, a native and citizen of the People's Republic of China, seeks review of a January 27, 2006 order of the BIA affirming the August 10, 2005 order of the Immigration Judge denying her motion to reopen removal proceedings. *See In re Cui Zhen Wu,* No. A 77 308 954 (B.I.A. Jan. 27, 2006), *aff'g* No.77 308 954 (Immig.Ct.N.Y.City, Aug. 10, 2005). On appeal, Wu argues that (1) the BIA erred in holding that Wu did not qualify for an exception to the timeliness requirement because she had not shown changed circumstances arising in her country of nationality under 8 C.F.R. § 1003.2(c)(3)(ii); and (2) that the BIA's decision deprived her of due process of the laws because she was ordered removed *in absentia.* We assume the parties' familiarity with the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

underlying facts and procedural history in this case.

Where the BIA decision adopts the reasoning of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001)).

█ As we have previously noted, the birth of additional children constitutes a change of personal circumstances and does not establish changed country conditions required by 8 C.F.R. § 1003.2(c)(3)(ii). *See Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003). In addition, the IJ and BIA properly concluded that the evidence petitioner submitted of enforcement of the family planning policies does not establish changed country conditions. *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir.2007). We, therefore, conclude that the BIA did not abuse its discretion in affirming the IJ's order denying the motion to reopen.

█ We also conclude that Wu's due process claim is without merit. The record reflects that Wu was given a "full and fair" opportunity to present her claims at a scheduled hearing, *see Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006) (citations omitted). Wu failed to attend that hearing or otherwise explain her absence. Because Wu was afforded all of the process due, we conclude that her due process rights were not violated.

For the foregoing reasons, the petition for review is **DENIED** and the pending motion for a stay of removal is **DENIED** as moot.